IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAMARLVIN WATTS,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CIVIL ACTION NO.: 4:20-cv-314

**REPORT AND RECOMMENDATION**

Petitioner Lamarlvin Watts ("Watts"), who is currently housed at the Administrative United States Penitentiary in Thomson, Illinois, submitted a pleading on a 28 U.S.C. § 2241 form for a Petition for Writ of Habeas Corpus, and it was docketed accordingly. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Watts' § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Watts *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Watts his suit is due to be dismissed. As indicated below, Watts will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

# BACKGROUND

Watts was convicted after a jury trial in this District of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using, carrying, and brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. Watts, 4:15-cr-188 (S.D. Ga.) ("Crim. Case"), ECF No. 1, 100. Watts was sentenced on April 24, 2017, to a total of 148 months in prison, which is compromised of 64 months on the armed robbery count and 84 months on the firearm count, to be served consecutively. Crim. Case, ECF No. 112.

Watts filed a direct appeal, arguing his guilt was not proven beyond a reasonable doubt, he was denied the right to testify on his own behalf, and the obstruction of justice enhancement was applied inappropriately in calculating his sentence. United States v. Watts, 896 F.3d 1245, 1249 (11th Cir. 2018). The Eleventh Circuit Court of Appeals denied Watts' appeal and affirmed his convictions and sentences. Id.

Watts then filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in this District. Crim. Case, Doc. 149. Watts challenged sentencing enhancements for obstruction of justice and the use of a firearm. Id. The Government filed a motion to dismiss, which this Court granted. Crim. Case, Doc. 158, 159.

Watts has now filed this instant pleading, using a § 2241 form. Doc. 1. Watts states he is challenging the validity of his conviction or sentence under 18 U.S.C. § 924(c). Id. at 2. Watts contends § 2255 is ineffective or inadequate to challenge his sentence and conviction because the advisory Guidelines were misapplied. Id. at 4, 6.

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## DISCUSSION

I. **Whether This Court Has Jurisdiction Over Watts' § 2255 Motion**

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Young v. FCI Miami Warden, 805 F. App'x 829, 831 (11th Cir. 2020) (quoting Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). A panel of the court of appeals must certify the second or successive motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Without this authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. Burcks v. United States, 842 F. App'x 500, 502 (11th Cir. 2021) (citing Farris, 333 F.3d at 1216).

Here, Watts has filed a § 2255 motion on a previous occasion, and this Court denied his previously filed motion. Watts has not sought authorization from the Eleventh Circuit to file a second or successive § 2255 motion in this Court; thus, this Court is without jurisdiction to entertain Watts' § 2255 Motion, to the extent Watts' Motion could be docketed as a § 2255 Motion, and should dismiss the Motion.

II. **Whether Watts Can Proceed Under § 2241**

Watts' Petition should be dismissed because it is an attack on his federal conviction and sentence that can only be made in compliance with § 2255, and Watts has not satisfied the

3

requirements of § 2255.  Watts using a § 2241 petition form does not help.  His Petition is barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement."  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015).  To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective."  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Watts does not present any of those circumstances through his instant Petition.[2] Watts is clearly challenging his conviction and sentence.  Doc. 1.  This is the type of claim and requested relief § 2255 encompasses.  It is clear Watts is not attacking the manner in which his sentence is being executed but his conviction and sentence themselves.  He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Watts with an adequate procedure to test his claim.  In fact, Watts already filed a § 2255 motion in this Court.

Further, Watts' § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief.  See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy.").  Thus, the fact Watts faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective.  Id.

Section 2255 provided Watts an "adequate procedure" to test his conviction and sentence before the sentencing court.  In fact, Watts used the § 2255 mechanism in this District and just was not successful.  Consequently, Watts cannot show § 2255's remedy is "inadequate or ineffective" to challenge his conviction and sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus."  McCarthan, 851 F.3d at 1099–1100.

---

[2]  Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts.  McCarthan, 851 F.3d at 1092–93.  However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"  Id. (citations omitted).  It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong.  Id. at 1086, 1090.

6

Because Watts cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Watts leave to appeal *in forma pauperis*. Though Watts has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Watts' Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Watts *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Watts' § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Watts *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA